UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARJORIE MOORE, | |
| Plaintiff, | **Civil Action No. 18-11411 (SRC)** |
| v. | **OPINION** |
| CLAREMONT CLINTON, LLC, et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction filed by Defendant Social Security Administration ("Social Security Administration"). Plaintiff Marjorie Moore ("Plaintiff" or "Moore") has opposed the motion. The Court has considered the papers filed by the parties. For the reasons that follow, the Social Security Administration's motion will be granted, and the claims against it will be dismissed. The remaining claims, against the non-federal Defendants, fail to independently provide a basis for subject matter jurisdiction, and thus will be remanded to state court, pursuant to 28 U.S.C. § 1367(c).

I. **BACKGROUND**

This action arises out of a June 1, 2016 incident in which Plaintiff Moore allegedly tripped and fell on a sidewalk abutting the premises located at 274 Springfield Avenue in Newark, New Jersey. She claims that she sustained personal injuries as a result of this accident.

On or about April 18, 2018, Moore filed a lawsuit in the Superior Court of New Jersey, Essex County, naming as Defendants Claremont Clinton, LLC, the Social Security Administration, the City of Newark, and the County of Essex. In the Complaint, Moore alleges that Defendants had control over the sidewalk where the accident occurred, that their negligent maintenance resulted in a dangerous condition on the sidewalk, and that this dangerous condition caused her to fall and sustain injuries. On July 6, 2018, Defendant Social Security Administration, an agency of the United States of America, removed this action to the United States District Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), which provides that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States." Thereafter, the Social Security Administration filed the instant motion to dismiss, which maintains that Plaintiff's failure to comply with the FTCA's exhaustion requirement prior to filing suit deprives the Court of subject matter jurisdiction.

## II. DISCUSSION

### A. Legal Standard

This motion is governed by Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), subject matter jurisdiction may be challenged on either the face of the pleadings or on the facts underlying the existence of jurisdiction. See, e.g., Mortensen v. First Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977) (drawing a distinction between a facial attack and a factual attack on subject matter jurisdiction under Rule 12(b)(1)). A facial challenge asserts that a claim, on its face, is "insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law," whereas a factual challenge maintains

"that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2012). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack," as the court's review of the motion will differ depending on the kind of challenge. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012) (citing Mortensen, 549 F.2d at 891); see also Aichele, 757 F.3d at 357 (holding same).

In the motion before the Court, the Social Security Administration challenges jurisdiction based on the fact that Plaintiff failed to exhaust her administrative remedies before initiating suit as required by the FTCA, the statute governing tort claims against the federal government. Thus, the motion presents a factual attack on subject matter jurisdiction. In considering a factual Rule 12(b)(1) motion, the Court "can look beyond the pleadings to decide factual matters related to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2002). The Third Circuit has held that, on a factual attack, "no presumption of truthfulness attaches to the allegations of the plaintiff." CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). The Court of Appeals has further held that plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. Id.

### B. Federal Tort Claims Act

Plaintiff's claim against the Social Security Administration seeks to recover damages for the personal injuries Moore allegedly sustained as a result of the negligence of this agency of the federal government. Though nominally pled as a negligence action, the claim against the Social Security Administration is governed by the FTCA. The FTCA "operates as a limited waiver" of

3

the sovereign immunity of the United States. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). Under the FTCA, the United States may be liable for the tortious conduct of federal government employees occurring within the scope of their employment. See 28 U.S.C. § 1346(b) (providing that, under the same circumstances applicable to private parties, the United States shall be similarly liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."). The cause of action provided by the FTCA, 28 U.S.C. § 1346(b), is the *exclusive* remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The statute confers *exclusive* jurisdiction over such claims on federal district courts. 28 U.S.C. § 1346(b)(1).

Because the FTCA expresses the consent of the United States to be sued for certain claims, "the terms of such consent define the court's subject matter jurisdiction" and must be "strictly construed." White-Squire, 592 F.3d at 456; see also United States v. Mitchell, 445 U.S. 535, 538 (1980) ("holding that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (citation omitted). One of those terms is the statute's administrative exhaustion procedure. White-Squire, 592 F.3d at 457. As a prerequisite to filing suit for money damages for injuries allegedly caused by the negligence of a federal employee, the statute requires that a plaintiff first present his or her claim to the appropriate federal agency and that the claim be finally denied by the agency. 28 U.S.C. § 2675(a); see also McNeil v.

4

United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

To satisfy the statute's presentment requirement, a plaintiff must file a written notice of his or her claim with the appropriate agency and make a demand for a sum certain. 28 U.S.C. § 2675(a) & (b); 28 C.F.R. § 14.2(a); White-Squire, 592 F.3d at 457. The statute further provides that if the agency has not issued a final decision on the claim within six months after it is filed, this failure shall be deemed a final denial of claim, for purposes of the statute's requirement that a claimant exhaust administrative remedies before instituting a civil action. 28 U.S.C. § 2675(a). The burden is on a plaintiff to establish that a proper administrative claim has been filed. Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989).

### C. Plaintiff's Failure To Exhaust Under the FTCA

In its motion to dismiss, the Social Security Administration asserts that Plaintiff had not even filed a claim with the agency at the time she initiated suit, much less received a final determination of the claim (or waited six months from the filing date). Indeed, Moore filed her Complaint in New Jersey Superior Court on or about April 18, 2018 but did not present a claim concerning the incident at issue to the Social Security Administration until May 29, 2018. The Social Security Administration further asserts, through the declaration of an attorney in the agency's Office of General Law, that Moore's administrative tort claim has, as of July 23, 2018, not yet been decided.

Plaintiff does not deny these facts. Instead, she argues that (1) her claim against the Social Security Administration is not subject to the administrative exhaustion requirement of the FTCA because her Complaint was filed in state court and (2) "it was improper to remove this

5

matter from state court to federal court for the sole purpose of creating an issue of subject matter jurisdiction and trying to dismiss the Plaintiff's Complaint." (Pl. Br. at 2.) These arguments are completely unavailing. The law on this subject is clear: The FTCA provides the exclusive remedy for personal injury negligence claims against federal government agencies and/or employees and authorizes only the federal court to adjudicate such claims. 28 U.S.C. § 1346(b)(1); see also Parisi v. United States, No. 12-3109, 2013 WL 1007240, at *3 (D.N.J. Mar. 12, 2013) (noting that the FTCA does not waive sovereign immunity for claims against the United States in state court). The Social Security Administration properly removed this action, as the federal district court is the only judicial forum in which Moore's claim could potentially proceed, subject to the FTCA's preconditions to suit.

It is clear that those preconditions were not met before this lawsuit was initiated, thus depriving this Court of jurisdiction. 28 U.S.C. § 2675(a); see also McNeil, 508 U.S. at 112-113 (holding that a lawsuit under the FTCA may not be filed until the plaintiff has exhausted his or her administrative remedies in compliance with the statute). The tort claim that Moore filed with the Social Security Administration *after* initiating her lawsuit in the Superior Court of New Jersey cannot give rise to subject matter jurisdiction, as the FTCA expressly requires presentment and a final determination by the agency *before* a civil action against the United States may be instituted. 28 U.S.C. § 2675(a); Priovolos v. Federal Bureau of Investigation, 686 F. App'x 150, 152 (3d Cir. 2017) (affirming the district court's dismissal of an FTCA action for lack of subject matter jurisdiction, notwithstanding the plaintiff's submission of an administrative claim after filing suit, because "the subsequent filing and denial of a claim after suit has been commenced does not overcome the failure to exhaust administrative remedies and

premature filing of the complaint."). The pendency of an administrative claim with the appropriate federal agency cannot salvage a plaintiff's FTCA action, as the jurisdictional defect created by the initiation of a lawsuit before the administrative process is complete cannot be cured. Id. at 111-12; see also Kawam v. United States, No. 14-6330, 2015 WL 4138997, at *7 (D.N.J. July 9, 2015) (holding that a plaintiff who initiated suit before the federal agency rendered a final decision on his claim "cannot cure this defect by filing an amended complaint.")

Plaintiff also states in her opposition brief that she had in fact already filed a notice of claim with the Social Security Administration, long before filing suit in state court. The brief attaches a July 12, 2016 letter from her attorney addressed to, among others, the "Social Security Office" at 274 Springfield Avenue in Newark, "Attn: Legal Department" and that letter's enclosure, a "Notice of Claim for Damages" pertaining to an incident described as a June 16, 2016 fall on cracked sidewalk. (Pl. Br., Ex. A.) Moore, however, submits no proof that this mailing was in fact received by the Social Security Administration, by, for example, attaching a registered or certified mail receipt, a copy of the claim stamped by the agency, or any other acknowledgment of the claim by the agency. To carry the burden of establishing administrative exhaustion, an FTCA plaintiff "must demonstrate that the Federal agency was in *actual receipt* of the claim." Lightfoot v. United States, 564 F.3d 625, 628 (3d Cir. 2009) (emphasis added); see also Medina v. City of Phila., 219 F. App'x 169, 172 (3d Cir. 2007) ("In order to satisfy the presentment requirement, a plaintiff must demonstrate that the appropriate federal agency actually received the claim"); 28 C.F.R. § 14.2(a) (providing that an administrative claim is "presented" under the FTCA when the appropriate federal agency "receives" it). The Third Circuit has noted that demonstrating that a federal agency has received a claim is "not an onerous

7

requirement, as proof of receipt can easily be obtained by sending a claim by certified mail or by registered mail, or by obtaining acknowledgment of receipt from the agency itself." Medina, 219 F. App'x at 172-73. Moore's failure to provide proof of the Social Security Administration's receipt of the claim she purportedly submitted on July 12, 2016 prevents her from carrying her burden of establishing the proper presentment of her claim to the agency and exhaustion of the administrative process required by 28 U.S.C. § 2675(a). Id.

The Court, in short, lacks subject matter jurisdiction over Plaintiff's claims against the Social Security Administration, and the claims must therefore be dismissed. Fed. R. Civ. P. 12(h)(3). The Court will accordingly grant the Social Security Administration's motion to dismiss. This ruling will dispose of the only federal claim in this case.

As to the remainder of the case, asserting state law negligence claims against the other Defendants, the Court declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). The Supreme Court has held that once federal claims are dismissed, a federal court should "hesitate to exercise jurisdiction over state claims," unless circumstances justify this exercise. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1504 (3d Cir.1996) ("once all federal claims have been dropped from a case, the case simply does not belong in federal court."). This Court concludes that because Moore's remaining claims seek relief only under state law, the federal district court's continuing exercise of jurisdiction would not be appropriate. Therefore, in its discretion, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over

the remaining claims. For this reason, it will not issue a ruling on the pending motion to dismiss brought by Defendant County of Essex. The Court will accordingly remand the action to the Superior Court of New Jersey, Essex County.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant Social Security Administration's motion to dismiss the Complaint. All claims against the Social Security Administration will be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The remainder of the action will be remanded to the Superior Court of New Jersey, Essex County.

An appropriate Order will be filed.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

Dated: August 29, 2018